# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                **MEMORANDUM OPINION**

    v.               **AND ORDER**

                Criminal No. 04-236 ADM/AJB

Richard Lee Satek,        Civil No. 06-1284 ADM

                Defendant.

_____

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Plaintiff.

Richard Lee Satek, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Richard

Lee Satek's ("Defendant") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence

[Criminal Docket No. 62, Civil Docket No. 1].  Defendant alleges ineffective assistance of

counsel based on 1) failure to challenge the supervised release portion of his sentence, 2) failure

to challenge the gun enhancement, and 3) change of counsel during the proceedings.  For the

reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

Defendant entered a plea of guilty pursuant to a plea agreement on October 1, 2004.  Plea

Agreement [Docket No. 52].[1]  Defendant pled guilty to one count of possession with the intent to

distribute 266 grams of methamphetamine mixture containing approximately 91 grams of

methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1).  Plea Agreement at 1-2.  On

_____

[1]The remaining docket citations in this Order are to the criminal docket.

February 23, 2005, Defendant was sentenced to seventy-two months of imprisonment, to be

followed by five years of supervised release.  Judgment [Docket No. 60].  Because no direct

appeal was filed, Defendant's conviction became final ten days after the filing of the criminal

judgment on March 9, 2005.  <u>See</u> Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's

notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of

either the judgment or the order being appealed; or (ii) the filing of the government's notice of

appeal.");  <u>see also</u> Fed. R. App. P. 26(a)(1)-(4) (detailing computation of time).  Over one year

later, Defendant submitted a § 2255 Motion on March 27, 2006 that was received by the Clerk of

Court on March 31, 2006.

### III. DISCUSSION

**A.     Defendant's Motion is Time Barred**

Defendant's Motion is brought pursuant to 28 U.S.C. § 2255.  Section 2255 provides a

person in federal custody with a limited opportunity to collaterally attack the constitutionality,

jurisdictional basis, or legality of his or her sentence.  <u>See</u> <u>United States v. Addonizio</u>, 442 U.S.

178 (1979).  Section 2255 contains a one-year limitation provision, which states:

> The limitation period shall run from the latest of—(1) the date on which the judgment of
> conviction becomes final; (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution or laws of the United
> States is removed, if the movant was prevented from making a motion by such
> governmental action; (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or (4) the date on which the
> facts supporting the claim or claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255.  Defendant's Motion is barred by the one-year limitation provision because

his time to file a § 2255 motion expired on March 9, 2006, one year after his conviction became

final.  Defendant's Motion, dated March 27, 2006 and filed by the Clerk of Court on March 31, 2006, is untimely by nearly one month.[2]  In addition, the Defendant provides no evidence that sections (2)-(4) of the limitation provision are applicable in this case.

The statute of limitations on a § 2255 motion may be extended by equitable tolling when "'extraordinary circumstances' beyond a prisoner's control prevent timely filing."  United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (citations omitted).  In Martin, defense counsel's continuous misrepresentations of the law and case status to the defendant were sufficiently egregious to justify equitable tolling.  Id. at 1095.  In this case, Defendant did not attempt to demonstrate that he is entitled to equitable tolling.  "Equitable tolling should only apply where the [defendant] has demonstrated diligence in pursuing the matter."  Id.  Because Defendant did not address his failure to file a timely § 2255 motion, it must be denied.

**B.     Ineffective Assistance**

Were the Court to consider Defendant's substantive arguments, the result would not change.  Defendant alleges that his attorney rendered ineffective assistance of counsel based on 1) failure to challenge the gun enhancement, 2) failure to challenge the imposition of supervised release, and 3) a change of counsel during the proceedings.  However, Defendant provides no evidence to support his claims.  In Strickland v. Washington, the Supreme Court set forth the standard for ineffective assistance of counsel claims.  466 U.S. 668, 687 (1984).  To properly demonstrate a claim, a convicted defendant must show that his attorney's representation fell

---

[2] The prison mailbox rule makes the effective filing date of Defendant's Motion the date he placed it in the prison mail system.  See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).  Although Defendant does not specifically indicate when he mailed the Motion, it is dated March 27, 2006.  In any event, resolution of this issue does not change the analysis.

below an objective standard of reasonableness.  Id. at 687-88.  Additionally, the defendant must

show he was prejudiced by counsel's errors.  Id. at 694.

In this instance, Defendant stipulated to the gun enhancement based on the presence of a

loaded firearm in close proximity to the drugs.  Plea Agreement ¶ 8.  Moreover, Defendant's

sentence was ultimately unaffected by the gun enhancement because the guidelines were

trumped by the ten-year mandatory minimum penalty applicable to his offense.  See 21 U.S.C.

§ 841(b)(1)(A).  Most significantly, Defendant did not receive a ten year sentence

because of the government's Guideline Section 5K1.1 motion.  Defendant was sentenced to

seventy-two months based on his substantial assistance.  Judgment at 2.  The stipulated gun

enhancement had no affect on Defendant's sentence and did not result in prejudice.

Defendant's counsel was not ineffective for failing to challenge the portion of the

sentence imposing a supervised release term.  As the plea agreement shows, the five-year term of

supervised release is mandated by law.  21 U.S.C. § 841(b)(1)(A); Plea Agreement ¶ 15.

Consequently, Defendant is unable to show that his counsel's representation was deficient or that

it resulted in prejudice.  In addition, although Defendant appears to suggest that his term of

supervised release is a violation of the protection against double jeopardy, he is incorrect.  "The

double jeopardy clause protects against multiple punishments for the same offense and prevents

imposition of greater punishment than authorized by Congress."  United States v. Beltz, 385 F.3d

1158, 1161 (8th Cir. 2004).  In general, 18 U.S.C. § 3583(a) authorizes courts to impose a term

of supervised release as part of a sentence of imprisonment for a felony or misdemeanor.  In

other words, the imposition of a term of supervised release is a "part of the whole matrix of

punishment arising out of the original offense . . . ."  See United States v. Pettus, 303 F.3d 480,

482 (2d Cir. 2002).

Lastly, Defendant states that he "switched attorneys during the Proceedings." Section 2255 Motion at 5. On October 21, 2004, Defendant's counsel withdrew because of a conflict of interest. Motion for Withdrawal and Substitution of Counsel [Docket No. 54]. On October 22, 2004, the Court ordered the appointment of new counsel for Defendant. Order for Appointment of Counsel [Docket No. 55]. Under the Strickland standard set forth above, Defendant makes no showing that the change of counsel was ineffective assistance. Defendant's conclusory assertion, devoid of any supporting factual statements, does not state a claim. See United States v. Delgado, 162 F.3d 981, 983 (8th Cir. 1998).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Criminal Docket No. 62, Civil Docket No. 1] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 13, 2006.